IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Malek Aliane, | : | |
| Plaintiff | : | Case No.  C2-03-1155 |
| v. | : | Judge Sargus |
| John S. Dean, et al., | : | Magistrate Judge Abel |
| Defendants | : | |

# Report and Recommendation

Plaintiff Malek Bouzid Aliane, a prisoner at the Southeastern Correctional Insti-tution ("SCI"), brings this action under 42 U.S.C. § 1983 alleging that in May 2003 defendants Warden John S.  Dean and Lt.  Vance A.  Yurk, the mail room supervisor, placed Aliane in an isolation unit on false charges of forging documents and embez-zling property violating his right of access to the courts.

This matter is before the Magistrate Judge on defendants' November 26, 2004 second motion for summary judgment.  (Doc.  20.)

## I.        Summary of issues.

The complaint alleges that defendants denied plaintiff Aliane access to the courts. Defendants maintain that Aliane was not denied access to the courts because he was represented by counsel at the time of defendants' alleged actionable conduct.  De-fendants' first motion for summary judgment was denied because there was an issue of fact about whether Aliane was represented by counsel.  Their second motion for sum-mary judgment provides evidence that Aliane was, in fact, represented by counsel when defendants disciplined him.

The complaint also alleges that defendants denied Aliane constitutional rights when he

was disciplined for fraud and forgery.  Plaintiff argues that defendants should not have

disciplined him because he was then unable to challenge his criminal con-viction.

**II.     Facts.**

The complaint alleges that a letter addressed to Malek Bouzid Aliane, Ph.D was sent to

SCI from the Clerk for the Franklin County Court of Common Pleas.  The letter contained the

judgment entry for *State v.  Paul Suber* and plaintiff's letter requesting the information.  The

complaint alleges that Aliane was placed in the isolation unit and issued a conduct report by Lt.

Vance A.  York for forging documents and embezzling property.

Aliane appealed the finding of guilt and disciplinary sanctions to the managing officer,

John S. Dean.  Aliane indicated that the request for the case was in accordance with Ohio

Revised Code § 2929.11(b) which requires that a sentence be consistent with similar crimes

committed by similar offenders. Aliane had planned to use the informa-tion he obtained from the

Franklin County Court of Common Pleas for his August 1, 2003 hearing.  The complaint alleges

that Aliane was punished for appealing his sent-ence, and his case was adversely affected.

2

**III.    Summary Judgment.**

Summary judgment is governed by Rule 56(c) of the Federal Rules of Civil Procedure which provides:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

"[T]his standard provides that the mere existence of some alleged factual dispute be-tween the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-248 (1986) (emphasis in original); *Kendall v. The Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984).

Summary judgment will not lie if the dispute about a material fact is genuine; "that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 247-248.  The purpose of the procedure is not to resolve factual issues, but to determine if there are genuine issues of fact to be tried.  *Lashlee v. Sumner*, 570 F.2d 107, 111 (6th Cir. 1978).  Therefore, summary judgment will be granted "only where the moving party is entitled to judgment as a matter of law, where it is quite clear what the truth is, . . . [and where] no genuine issue remains for trial, . . . [for] the purpose of the rule is not to cut litigants off from their right of trial by jury if they really have issues to try." *Poller v. Columbia Broadcasting Systems, Inc.*, 368 U.S. 464, 467 (1962); accord, *County of Oakland v. City of Berkeley*, 742 F.2d 289, 297 (6th Cir. 1984).

In a motion for summary judgment the moving party bears the "burden of showing the

3

absence of a genuine issue as to any material fact, and for these purposes, the [evidence submitted] must be viewed in the light most favorable to the opposing party." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970) (footnote omitted).  Infer-ences to be drawn from the underlying facts contained in such materials must be considered in the light most favorable to the party opposing the motion.  *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962); *Watkins v. Northwestern Ohio Tractor Pullers Association, Inc.*, 630 F.2d 1155, 1158 (6th Cir. 1980).

If the moving party meets its burden and adequate time for discovery has been provided, summary judgment is appropriate if the opposing party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The mere existence of a scintilla of evidence in support of the opposing party's position will be insufficient; there must be evidence on which the jury could reasonably find for the opposing party.  *Anderson*, 477 U.S. at 251 (quoting *Improvement Co. v. Munson,* 14 Wall. 442, 448 (1872)).  As is provided in Fed. R. Civ. P. 56(e):

> When a motion for summary judgment is made and sup-ported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If he does not so respond, summary judgment, if appropriate, shall be entered against him.

Thus, "a party cannot rest on the allegations contained in his . . . [pleadings] in opposition to a properly supported motion for summary judgment against him."  *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 259 (1968)(footnote omitted).

**IV.    Analysis**

4

In July 2001, Aliane pleaded guilty to four counts of passing bad checks, two count of attempting to pass bad checks, and one count of theft. *State v. Aliane,* Case Nos. 02AP-948 and 02AP-986, 2003 Ohio App. LEXIS 1914 (Fr. Cty. Ct. App. April 22, 2003), *P5. He appealed, raising several sentencing issues. The Court of Appeals order-ed re-sentencing in one of the cases because restitution was ordered in the sentencing entry but not orally imposed during the sentencing hearing. Otherwise, the Court of Appeals affirmed the sentences imposed.

Plaintiff acknowledges that he was represented on the appeal his criminal sent-ences, but he argues that he wanted to file an Ohio Rule 26(B) motion to reopen his direct appeal to allege that he was denied the effective assistance of counsel on appeal because his attorney failed to argue that his sentences were in violation fo Ohio Revised Code § 2929.11(B), which requires that the sentence imposed by consistent with those given other offenders for similar crimes. The Court of Appeals' decision was issued April 22, 2003, and he received the letter from the Clerk of the Franklin County Com-mon Pleas Court on May 12, 2003. He asserts that he wanted to use the judgment entry in *State v. Paul Suber*, which was sent to him by the Clerk of Court, to support the motion to reopen his appeal. Plaintiff offers no evidence that he ever, in fact, filed a motion to reopen his appeal.

A review of the Ohio Court of Appeals' decision on direct appeal reveals that his counsel did argue that the sentence was imposed in violation of Ohio Revised Code § 2929.11. *State v. Aliane,* above at *P15. The Court of Appeals rejected that argument. In making that decision, the Court of Appeals noted that Aliane committed the third offense while he was released on bond on earlier felony charges. His "conduct was more serious than conduct normally constituting the offense," and his victims suffered substantial harm. *Id.*, at *P28. He wrote more

5

that $100,000 in bad checks, caused $7,000 in damage to a new vehicle, posed as an employee of

a store, and stole more than $500 worth of clothes.  The sentencing judge specifically found that

Aliane's "conduct was 'not the usual run of the mill passing-bad-checks case.' and that the judge

has not 'had a case like this and I have been doing this 28 years.'"  *Id.*

Plaintiff Aliane makes no proffer about the offenses Suber was charged with, the

circumstances of those offenses, or Suber's culpability.  He further offers no evidence that he had

prepared a Rule 26(B) motion to reopen his direct appeal or that he ever filed such a motion.

Consequently, I conclude that there is no evidence supporting plaintiff's claim that defendants'

conduct denied him access to the courts, since he has made no showing that he was prejudiced

by not being able to submit Suber's docket sheet in support of his motion to reopen.

Further, the uncontroverted evidence is that Aliane identified himself as Malek Aliane,

Ph.D. in his letter to the Franklin County Common Pleas Court's Clerk's Office, and that he

placed the prison's name and phone number on the letter's letterhead.  The Clerk's Office then

sent a letter to the prison addressed to "Malek Bouzid Aliane, Ph.D." The Rules Infraction Board

found him guilty of theft/embezzlement and forging docu-ments.  This Court does not sit as an

appellate body to review that decision.  However, plaintiff argues that the disciplinary rules, as

applied to him, serve no legitimate peno-logical purpose.   But as defendants argue, Aliane is

serving a sentence for fraud crimes.  The prison has a substantial interest in insuring that

prisoners not commit frauds and not use false or misleading letterhead when communicating

with others.  Here plain-tiff's letter induced the Clerk of Court to mail a letter to the prison

addressed to "a Malek Bouzid Aliane, Ph.D."

**V.      Conclusion**.

6

For the reasons set out above,  the Magistrate Judge RECOMMENDS that defendants'
November 26, 2004 second motion for summary judgment (doc. 20) be GRANTED.

If any party objects to this Report and Recommendation, that party may, within ten (10)
days, file and serve on all parties a motion for reconsideration by the Court, specifically
designating this Report and Recommendation, and the part thereof in question, as well as the
basis for objection thereto.  *See* 28 U.S.C. §636(b)(1)(B); Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the Report and
Recommendation will result in a waiver of the right to *de novo* review by the District Judge and
waiver of the right to appeal the judgment of the District Court.  *See Thomas v. Arn*, 474 U.S.
140, 150-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *See also Small v.
Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).


s/ Mark R. Abel
_____
United States Magistrate Judge